**The below described is SIGNED.**

**Dated: March 01, 2010**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 09-30745 |
|---|---|
| Frederick A. Underhill | Chapter 13 |
| Debtor. | Judge R. Kimball Mosier |

### MEMORANDUM DECISION

The matter before the Court is the confirmation of the amended chapter 13 plan proposed by Fredrick A. Undershill (Debtor) and MidFirst Bank's (MidFirst) objection to confirmation. For the reasons set forth herein, confirmation of the Debtor's amended chapter 13 plan will be denied.

### FACTUAL BACKGROUND

The Debtor has had two bankruptcy cases pending and dismissed within the year prior to the filing of this case. Debtor's first bankruptcy was filed December 15, 2008. The Court dismissed that case on February 26, 2009. Debtor's second bankruptcy was filed March 31, 2009 and was dismissed on August 10, 2009. This case was filed October 1, 2009. The Debtor

did not file a motion under 11 U.S.C. § 362(c)(4)(B)[1] requesting the Court order the stay under § 362(a) take effect.

MidFirst is a creditor in this case with a claim secured only by a security interest in the Debtor's personal residence. The Debtor has failed to make all payments due to MidFirst and is in default on his agreement with MidFirst.

The Debtor filed an chapter 13 plan on October 16, 2009. An amended chapter 13 plan (Plan) was filed on January 13, 2010. The Plan proposes to cure the Debtor's prepetition default with MidFirst through the Plan and provides that regular postpetition payments will be paid directly by the Debtor. On November 10, 2009, MidFirst objected to confirmation of the original chapter 13 plan and did not withdraw its objection to confirmation of the Plan.

On November 17, 2009, MidFirst filed an *ex parte* application for an order pursuant to § 362(c)(4)(A)(ii) confirming that no § 362(a) stay is in effect. Pursuant to MidFirst's application, the Court entered an order on November 20, 2009 confirming that no stay is in effect.

## **ANALYSIS**

MidFirst argues that § 362(c)(4)(A) applies in this case, the § 362(c)(4)(D) presumption establishes that the Debtor's petition was not filed in good faith, and the proposed Plan cannot be confirmed because it does not comply with § 1325(a)(7). MidFirst also argues that confirming a chapter 13 plan that proposes to cure the Debtor's prepetition default with MidFirst "is a *de facto* reinstatement of the automatic stay and impermissibly circumvents the statutory scheme established by Congress to reinstate a stay." Although not expressly stated by MidFirst,

---

[1] Unless otherwise noted, references to Code refers to Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

2

apparently its argument is that the Plan does not comply with the other provisions of the Code as required by § 1325(a)(1).

MidFirst's objection requires this Court to examine the relationship between §§ 362(c)(4), 1325, and 1327. The issue in this case is whether the Court may confirm a chapter 13 plan in a case where § 362(c)(4)(A) is applicable if a secured creditor objects to confirmation of a plan that proposes to cure a prepetition default on the secured creditor's claim.[2]

**A. Section 362(c)(4).**

Congress enacted § 362(c)(4) with Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 as a means to discourage bad faith repeat filings. Section 362(c)(4) provides in pertinent part:

> (4) (A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707 (b) the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
>    (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;
>
>   (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
>                         . . .

---

[2] Pursuant to § 1322(b)(5) a chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."

3

> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)— . . .

Pursuant to § 362(c)(4)(A), if a case is filed by a debtor and two or more cases of the debtor were pending within the previous year but were dismissed the § 362(a) stay does not go into effect. A creditor is not stayed from numerous actions including enforcing a lien that arose before the commencement of the case against property of the estate. Section 362(c)(4)(B) allows the court to order the stay to take effect if, within 30 days after the filing of the case, a party in interest makes a request that the court order the stay to take effect and rebuts the presumption that the case is not filed in good faith.

### B. Relation of § 362(c)(4)(D) to § 1325(a)(7) and (3).

MidFirst contends that the Court may not confirm the Plan because the action of the Debtor in filing the petition was not in good faith as required by § 1325(a)(7) and the Plan was not filed in good faith as required by § 1325(a)(3). MidFirst did not introduce any evidence to support its argument that the Plan and petition were not filed in good faith but relies on § 362(c)(4)(D). MidFirst argues that because the Debtor did not request that the Court order the stay to take effect pursuant to § 362(c)(4)(B), the Debtor's case is presumptively filed not in good faith and therefore the Plan is not filed in good faith and cannot be confirmed. MidFirst is essentially arguing that the § 362(c)(4)(D) presumption is applicable to all sections of the Bankruptcy Code where the Debtor's good faith in filing a bankruptcy petition is a relevant inquiry.

The express language of § 362(c)(4)(D) limits its application to § 362(c)(4)(B). Section 362(c)(4)(D) states "**for purposes of subparagraph (B)**, a case is presumptively filed not in

4

good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) – ..." (emphasis added). If the Court were to ignore the words "for purposes of subparagraph (B)," the terms would be reduced to surplusage. Courts should be reluctant to treat statutory terms as surplusage in any setting. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). It is elementary that "[i]n construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979). If a statute is susceptible to two meanings, a court will choose a meaning that gives full effect to all the provisions of the statute. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249 (1985). The Court therefore concludes that the express language of § 362(c)(4)(D) limits its application to § 362(c)(4)(B).

### C. Relation of § 362(c)(4)(A) to § 1327(a).

Pursuant to § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The order confirming a chapter 13 plan becomes a binding determination regarding rights and liabilities of the parties and, absent a timely appeal, is *res judicata*. *Educational Credit Management Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033 (10th Cir. 2007)(en banc); *In re Talbot*, 124 F.3d 1201 (10th Cir. 1997). "[U]nless expressly preserved in the plan or the order confirming the plan, all pre-confirmation agreements and orders concerning the treatment of a claim are superseded by the terms and provisions of the confirmed plan." *In re Diviney*, 225 B.R. 762, 771 (10th Cir. BAP 1998).

If a chapter 13 plan provides for the curing of a prepetition default on a secured creditor's claim, the secured creditor will be bound by the terms of the plan if it is confirmed. Even if § 362(c)(4)(A) applies and there is no stay in effect because the debtor has failed to seek an order that the stay take effect under § 362(c)(4)(B), a confirmed chapter 13 plan that provides for the curing of a prepetition default on a secured creditor's claim precludes a secured creditor from enforcing its lien with respect to the prepetition default.

In the present case, if the Plan is confirmed MidFirst will effectively be stayed by the terms and conditions of the Plan. MidFirst will be bound to treat the Plan as a new agreement between the Debtor and MidFirst with a new obligation to be paid in the manner provided by the Plan. MidFirst may not commence any actions under state law until the Debtor defaults under the terms of the Plan.³ Midfirst argues that confirming the Plan over its objection effectively allows the Debtor to avoid the application of § 362(c)(4)(A) without complying with the express provisions of § 362(c)(4)(B) and (D). Essentially, the argument is that the broad *res judicata* effect of § 1327(a) that would "stay" MidFirst if the Plan is confirmed conflicts with the specific statutory provisions of § 362(c)(4)(B) and (D). Because of this conflict, the Plan does not comply with § 1325(a)(1) and cannot be confirmed.

MidFirst's argument equates a "stay" arising from a confirmed chapter 13 plan to the § 362(a) stay. The two are different. A court, for cause, may terminate the § 362(a) stay prior to confirmation of a chapter 13 plan. Termination or lack of the § 362(a) stay may impact a chapter 13 plan but does not *per se* preclude confirmation of a plan. *See In re Tomasini,* 339

---

³Should the Debtor default under the terms of the plan, MidFirst may then proceed with its state law remedies without the need to obtain an order granting relief from the automatic stay, because there is no automatic stay in place.

6

B.R. 773, 782 (Bankr. D. Utah 2006).  Conversely, whether the § 362(a) stay is in effect or terminated is not dependent on whether there is a confirmed plan.

Statutes should be construed so that their provisions are harmonious with each other. *See Negonsott v. Samuels*, 933 F.2d 818, 819 (10th Cir. 1991) *aff'd* 507 U.S. 99 (1993); *United States v. Stauffer Chemical Co.,* 684 F.2d 1174, 1184 (6th Cir. 1982).  Section 362(c)(4)(B) and (D) and § 1327(a) can be harmonized.  Notwithstanding the lack of the § 362(a) stay, a chapter 13 plan that cures a debtor's prepetition default on a secured creditor's claim can comply with the Code.

The § 362(a) stay allows the debtor a reasonable amount of time to obtain confirmation of a chapter 13 plan.  If § 362(c)(4)(A) applies, a secured creditor is not stayed from enforcing its lien pending the plan confirmation process and the debtor risks the adverse consequences of events that may occur during the plan confirmation process.  The Court recognizes that the results of a debtor's failure to obtain a § 362(c)(4)(B) order that the § 362(a) stay take effect may be chaotic, but that fact is not determinative of the issue before the Court.

If the Court adopts MidFirst's argument, the Court must conclude that Congress intended that a chapter 13 debtor's failure to comply with § 362(c)(4)(B) precludes confirmation of the debtor's chapter 13 plan if a secured creditor objects to confirmation.  Section 362(c)(4) was enacted to discourage bad faith filings by depriving repeat filers of the protection of the automatic stay unless they can demonstrate that their petitions were filed in good faith.  The Court finds no language in the statute that allows it to conclude that Congress intended that the provisions of § 362(c)(4) preclude confirmation of a chapter 13 plan if a secured creditor objects to confirmation.

**D. Confirmation Requirements**

Although the Court has ruled that the presumption found in § 362(c)(4)(D) does not apply to § 1325[4] and does not *per se* render the Debtor's Plan unconfirmable, the Court has not found Debtor's petition and Plan were filed in good faith. A secured creditor may oppose confirmation by putting good faith at issue. Once an objection to a debtor's plan has been filed, the debtor must produce some affirmative evidence of good faith under § 1325(a)(3). *In re Alexander*, 363 B.R. 917 (10th Cir. BAP 2007). MidFirst has objected to confirmation of Debtor's Plan, and the Court must determine that Debtor's petition was filed in good faith and that the Plan has been proposed in good faith.[5] Both of those confirmation requirements are burdens which the Debtor must carry in order to obtain confirmation of his Plan.

At the confirmation hearing, the Debtor failed to present evidence in support of confirmation of his Plan. The Debtor has failed to meet his burden to show that his Plan was filed in good faith and not by any means forbidden by law, and that the actions of the Debtor in filing the petition were in good faith. Based upon the Debtor's failure to meet his burden of proof, his Plan cannot be confirmed.

---

[4] The Court is not addressing whether the factors required to establish good faith under § 362(c)(4)(B) and § 1325(a)(7) are the same.

[5] The Court may only determine that a chapter 13 plan has been filed in good faith without receiving evidence if there is no objection to confirmation of the plan. Fed. R. Bk. P. 3015(f).

## **CONCLUSION**

In the present case, § 362(c)(4)(A) applies and the Debtor failed to ask the Court to order that the § 362(a) stay take effect as provided by § 362(c)(4)(B). Pursuant to MidFirst's request, the Court correctly entered an order confirming that no § 362(a) stay is in effect. The Debtor's Plan proposing to cure the prepetition arrearage owed to MidFirst through the Plan may be confirmed if it satisfies the requirements of § 1325. MidFirst has objected to confirmation of the Plan and the Debtor has the burden of establishing that he has complied with § 1325. The Debtor has failed to meet his burden of proof that he has satisfied the requirements of § 1325(a)(3) and (7) and the Plan cannot be confirmed.

--------------------------------------------END OF DOCUMENT--------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

  Service of the foregoing Memorandum Decision will be effected through the Bankruptcy Noticing Center to the following parties.

Frederick A. Underhill
1128 West 4370 South, Unit 40A
Salt Lake City, UT 84123

Mark R. Emmett
Emmett Law Office
716 East 4500 South N240
Murray, UT 84107

Kevin R. Anderson
Chapter 13 Trustee
Ken Garff Bldg
405 South Main, Suite 300
Salt Lake City, UT 84111

Mark S. Middlemas
Lundberg & Assoc.
3269 South Main Street, Ste 100
Salt Lake City, UT 84115